UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZURU (SINGAPORE) PTE., LTD.; <br> ZURU INC., <br> <br>     Plaintiffs, <br> <br> v. <br> <br> THE INDIVIDUALS, CORPORATIONS, <br> LIMITED LIABILITY COMPANIES, <br> PARTNERSHIPS, AND <br> UNINCORPORATED ASSOCIATIONS <br> IDENTIFIED ON SCHEDULE A HERETO, <br> <br>     Defendants. | Case No.: 1:22-cv-05229-KPF |

## CONSENT JUDGMENT

This action having been commenced by Plaintiffs ZURU (SINGAPORE) PTE., LTD. and ZURU INC. ("Plaintiffs") against Defendant No. 210 yuanpinglianghongmaoyiyouxiangongsi ("Defendant"). Plaintiffs and Defendant have resolved all claims arising from the allegations in the Complaint.

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defendant because the Defendant directly targets its business activities toward consumers in the United States, including New York, offering to sell and ship products into this Judicial District. Specifically, Defendant is reaching out to do business with New York residents by operating one or more commercial, interactive Internet Stores through which New York residents can purchase products bearing counterfeit versions of products utilizing either one or both of the ROBO FISH Trademark, U.S. Trademark Registration No.: 4440702, and/or ROBO ALIVE Trademark, U.S. Trademark Registration No.: 5294215 (together, the "ROBO FISH Trademarks") and/or

copyrights covered by U.S. Copyright Office Registration Nos. VA 2-248-953, VA 2-249-214, VA 253-391, VA2-253-392, VA 2-253-394, and VA 2-253-396 (the "ROBO FISH Copyright Registrations").

THIS COURT FURTHER FINDS that Defendant is liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and copyright infringement (17 U.S.C §§ 106 and 501, *et seq*.).

IT IS HEREBY ORDERED that:

1. Defendant, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with it be permanently enjoined and restrained from:

    a. using Plaintiffs' ROBO FISH Trademarks, ROBO FISH Copyright Registration, or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine ROBO FISH product or not authorized by Plaintiffs to be sold in connection with Plaintiffs' ROBO FISH Trademarks and/or ROBO FISH Copyright Registration;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine ROBO FISH product or any other product produced by Plaintiffs, that is not Plaintiffs' or not produced under the authorization, control or supervision of Plaintiffs and approved by Plaintiffs for sale under the ROBO FISH Trademarks and/or the ROBO FISH Copyright Registrations;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of

       Plaintiffs, or are sponsored by, approved by, or otherwise connected with Plaintiffs;

   d. further infringing Plaintiffs' ROBO FISH Trademarks and/or ROBO FISH Copyright Registration and damaging Plaintiffs' goodwill;

   e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear any of Plaintiffs' ROBO FISH Trademarks and/or ROBO FISH Copyright Registration or any reproductions, counterfeit copies, or colorable imitations thereof.

2. The parties have agreed to a damages amount to be paid by Defendant in order to settle all claims, as memorialized in the parties' settlement agreement (the "Damages Amount"). Defendant has elected to pay the Damages Amount from funds currently frozen in its Walmart.com ("Walmart") account.

3. Walmart is ordered to transfer the Damages Amount from Defendant's account to Plaintiffs within seven (7) calendar days of receipt of this Order.

4. Upon Walmart's transfer of Damages Amount to Plaintiff pursuant to paragraph 3, Walmart shall remove any restraints that were placed on Defendant's e-commerce store and financial account pursuant to the Temporary Restraining Order [20].

5. This case is dismissed with leave to reinstate within one hundred and eighty (180) days, at such time, absent a motion to reinstate, shall automatically convert to a dismissal with prejudice.

6.    Each party shall bear its own attorney's fees and costs.

SO ORDERED.

Signed this ___21st___ day of ___December___, 2022.

                                                              _____
                                                              HONORABLE KATHERINE POLK FAILLA
                                                              United States District Judge